Argued and submitted June 27, reversed and remanded August 28, 1996

## STATE OF OREGON,
*Appellant,*

*v.*

## EVERETT WENDELL BEASTON,
*Respondent.*

(94-1002; CA A89997)

922 P2d 721

Robert M. Atkinson, Assistant Attorney General, argued the cause for respondent. On the brief were Theodore R. Kulongoski, Attorney General, Virginia L. Linder, Solicitor General, and Katherine H. Waldo, Assistant Attorney General.

David E. Groom, Deputy Public Defender, argued the cause for respondent. With him on the brief was Sally L. Avera, Public Defender.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

EDMONDS, J.

**EDMONDS, J.**

Defendant was indicted for three counts of Delivery of a Controlled Substance, ORS 475.992, one count of Criminal Conspiracy, ORS 161.450, and one count of Possession of a Controlled Substance, ORS 475.992. The trial court ruled that because defendant had already been subject to a civil forfeiture of property he possessed in connection with the alleged crimes, the Fifth Amendment barred the criminal prosecution. Therefore, it dismissed the indictment on defendant's motion. We reverse.

In December 1993, narcotics officers made controlled drug buys from defendant. After being arrested, as a result of those controlled buys, defendant agreed to provide information about his drug supplier to the officers. As part of the agreement, defendant gave the officers $6,000 he had received from drug-dealing activities, and the officers served him with a notice of intent to seek forfeiture of the money pursuant to chapter 791, Oregon Laws 1989. Sometime later, one of the officers received a telephone call from defendant, after which the officer concluded that he was "losing control" of defendant as an informant. Consequently, the officer obtained a warrant to arrest defendant and later stopped and arrested defendant, who was driving an automobile. After advising defendant of his *Miranda* rights, the officer learned from defendant that he was on his way to make a purchase of cocaine from his dealer. The officer seized $4,048 in cash from defendant and another individual who was in the car with defendant. He also seized defendant's automobile and gave defendant a notice of seizure of that property. Defendant never made a formal claim to any of the property that the officers seized, and eventually, the monies and the vehicle were forfeited under the judgment of civil forfeiture.

The state then indicted defendant based on the December controlled buys, and defendant moved to dismiss the indictment on the ground that the Fifth Amendment's former jeopardy clause[1] barred the criminal prosecution

---

[1] The Fifth Amendment to the United States Constitution provides, in part:

"[N]or shall any person be subject for the same offence to be twice put in jeopardy of life or limb[.]"

because of the previous civil forfeiture judgment under chapter 791.[2] Defendant based his motion on the holding of the Ninth Circuit in *United States v. $405,089.23 U.S. Currency*, 33 F3d 1210 (9th Cir 1994). That opinion concerns the constitutionality of 18 USC § 981(a). In *United States v. Ursery*, ____ US ____ , 116 S Ct 2135, 135 L Ed 2d 549 (1996), the United States Supreme Court reversed *$405,089 U.S. Currency*. At oral argument before us, defendant conceded that the Supreme Court's holding forecloses his argument under the federal constitution regarding ORS chapter 791. We accept defendant's concession. Our holding is limited to the facts of this case and the parties' arguments.

Reversed and remanded.

---

[2] Defendant made no arguments to the trial court under state law or the Oregon Constitution. For purposes of appeal, we assume that the conduct for which defendant was indicted was the same conduct that constituted the gravamen of the civil forfeiture.